Opinion issued November 15, 2007








In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00629-CV




SHEKHANI ENTERPRISES, INC., Appellant

V.

A/W MECHANICAL SERVICES, L.P., Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2005-09215

 

MEMORANDUM OPINIONThis appeal concerns the interpretation of the fraudulent indorsement
provisions of Uniform Commercial Code section 3.405. See Tex. Bus. & Com. Code
Ann. § 3.405 (Vernon 2002); U.C.C. § 3-405 (1990). The trial court concluded that
an employee who cashed company checks for his own benefit was not an “employee
with responsibility” under section 3.405. It also concluded that the party paying the
instruments (a check cashing facility) “failed to exercise ordinary care regarding the
[c]hecks,” and, finding that the employer was not negligent, assessed liability against
the check cashing facility. We affirm.
Facts
          The basic facts are uncontested on appeal. Appellee A/W Mechanical Services,
L.P. provides commercial heating, ventilation, and air conditioning repair services. 
William Rittenberry was employed by A/W as a sales representative, and among his
duties was picking up checks from A/W’s clients and delivering the checks to A/W’s
office. During 2004, Rittenberry fraudulently indorsed nine checks totaling
$38,130.58 from two apartment complexes that were A/W’s clients. Rittenberry
cashed the checks at a gasoline station owned by appellant Shekhani Enterprises, Inc. 
Although the checks were made payable to A/W, Rittenberry presented them to be
cashed by signing his own name on the back of the checks. A/W later fired
Rittenberry and filed criminal theft charges. After Rittenberry pleaded guilty to theft,
A/W sued Shekhani on claims of conversion and liability under the Texas Theft
Liability Act. Tex. Bus. & Com. Code Ann. § 3.405(b) (Vernon 2002); Tex. Civ.
Prac. & Rem. Code Ann. §§ 134.001–.005 (Vernon 2005).
          After a bench trial, the district court rendered judgment that A/W recover
$38,130.58 plus attorney’s fees from Shekhani, based on Shekhani’s conversion of
checks made payable to A/W and the Texas Theft Liability Act. Shekhani brings two
issues, alleging that (1) the trial court’s judgment in favor of A/W under Business and
Commerce Code section 3.405 is against the great weight of the evidence and (2) the
Texas Theft Liability Act claim was not supported by factually sufficient evidence.
DiscussionIn issue 1, Shekhani challenges the judgment on the conversion claim,
contending the evidence is against the great weight of the evidence. Shekhani
challenges the trial court’s conclusion of law 9, which states, “Rittenberry was not an
A/W employee with ‘responsibility,’ as that term is defined by Section 3.405(b) of the
Texas Business and Commerce Code.” Thus, Shekhani challenges the factual
sufficiency of the evidence to support this conclusion of law.


 In reviewing
Shekhani’s challenge to the factual sufficiency of the evidence, this Court must
consider and weigh all the evidence and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see also Pool v. Ford Motor
Co., 715 S.W.2d 629, 635 (Tex.1986), overruled on other grounds by Crown Life Ins.
Co. v. Casteel, 22 S.W.3d 378, 388 (Tex. 2000); In re King’s Estate, 244 S.W.2d 660,
661 (Tex. 1951). 
          Business and Commerce Code section 3.405 provides as follows:
§ 3.405. Employer’s Responsibility for Fraudulent Indorsement by
Employee
(a) In this section:
(1) “Employee” includes an independent contractor and
employee of an independent contractor retained by the employer.
(2) “Fraudulent indorsement” means:
(A) in the case of an instrument payable to the
employer, a forged indorsement purporting to be that of the employer;
or
                                         (B) in the case of an instrument with respect to which
the employer is the issuer, a forged indorsement purporting to be that of
the person identified as payee.
(3) “Responsibility” with respect to instruments means
authority (i) to sign or indorse instruments on behalf of the employer,
(ii) to process instruments received by the employer for bookkeeping
purposes, for deposit to an account, or for other disposition, (iii) to
prepare or process instruments for issue in the name of the employer,
(iv) to supply information determining the names or addresses of payees
of instruments to be issued in the name of the employer, (v) to control
the disposition of instruments to be issued in the name of the employer,
or (vi) to act otherwise with respect to instruments in a responsible
capacity. “Responsibility” does not include authority that merely allows
an employee to have access to instruments or blank or incomplete
instrument forms that are being stored or transported or are part of
incoming or outgoing mail, or similar access.
(b) For the purpose of determining the rights and liabilities of a
person who, in good faith, pays an instrument or takes it for value or for
collection, if an employer entrusted an employee with responsibility
with respect to the instrument and the employee or a person acting in
concert with the employee makes a fraudulent indorsement of the
instrument, the indorsement is effective as the indorsement of the person
to whom the instrument is payable if it is made in the name of that
person. If the person paying the instrument or taking it for value or for
collection fails to exercise ordinary care in paying or taking the
instrument and that failure contributes to loss resulting from the fraud,
the person bearing the loss may recover from the person failing to
exercise ordinary care to the extent the failure to exercise ordinary care
contributed to the loss.
(c) Under Subsection (b), an indorsement is made in the name of
the person to whom an instrument is payable if:
(1) it is made in a name substantially similar to the name of
that person; or
(2) the instrument, whether or not indorsed, is deposited in
a depositary bank to an account in a name substantially similar to the
name of that person.
Tex. Bus. & Com. Code Ann. § 3.405 (Vernon 2002). If Rittenberry was an
employee with responsibility, then A/W may be barred from recovery unless A/W
demonstrates to a factfinder that Shekhani did not exercise ordinary care in paying
the checks. Id. § 3.405(b); see generally Sw. Bank v. Info. Support Concepts, Inc.,
149 S.W.3d 104 (Tex. 2004) (discussing U.C.C. revised article 3). If Shekhani did
not exercise ordinary care in paying the checks, then section 3.405(b) provides for the
factfinder to allocate the loss based on how each party’s failure to exercise ordinary
care contributed to the loss.
          Shekhani challenges the finding that Rittenberry was not a “person with
responsibility” under section 3.405. Shekhani also challenges the trial court’s
additional findings that Shekhani was negligent and A/W was not. In its conclusion
of law 7, the trial court stated, “A/W did not fail to exercise ordinary care in
connection with the Checks.” This conclusion was based on findings of fact 1
through 17, which Shekhani does not specifically attack. Instead, Shekhani attacks
the factual sufficiency of conclusion of law 7, as well as conclusions 8, 9, 14, and 15:
8.No act or omission on the part of A/W substantially contributed
to Rittenberry’s forgery of the Checks.
9.Rittenberry was not an A/W employee with “responsibility,” as
that term is defined by Section 3.04(b) of the Texas Business and
Commerce Code.
. . . .
14.A/W did not fail to exercise ordinary care in connection with the
procedure for handling the Checks or in any other regard
pertinent to the loss at issue here.
15.A/W’s conduct in no way contributed to the forged signature on
the Checks.
          In its brief, Shekhani claims the following to support its claim that the
judgment is based on factually insufficient evidence: (1) Rittenberry picked up checks
from A/W’s clients as part of his job and at his discretion; (2) A/W had no internal
controls in place which allowed it to monitor when or if Rittenberry picked up a
check; and (3) A/W knew Rittenberry was unable to meet his day-to-day expenses,
and A/W had give Rittenberry advances on his salary. However, there was also
testimony that (1) Rittenberry had a good work history before he began fraudulently
indorsing checks, (2) he had no authority to sign, indorse, dispose of, or otherwise
process incoming checks payable to A/W, (3) he also had no authority over outgoing
checks, (4) he endorsed the checks in his own name, and (5) Shekhani never
attempted to verify whether Rittenberry was authorized to endorse A/W checks.
          After reviewing the record, we hold that the portion of the judgment based on
findings of fact 1 through 17 is not against the great weight and preponderance of the
evidence. Because the trial court’s conclusion that A/W did not fail to exercise
ordinary care is not based on factually insufficient evidence, and Shekhani did not
challenge that conclusion on appeal, we need not reach the factual sufficiency
challenge to the trial court’s conclusion of law 9, which states, “Rittenberry was not
an A/W employee with ‘responsibility,’” because it would not change the trial court’s
judgment, which is independently supported by the trial court’s conclusions that
Shekhani was negligent and acted with conscious indifference and that A/W was not
negligent. The trial court, thus, has already allocated the loss based on how each
party’s failure to exercise ordinary care contributed to the loss under section 3.405(b)
and concluded that all of the loss is attributable to Shekhani’s conduct. See Tex. Bus.
& Com. Code Ann. § 3.405(b) (Vernon 2002) (noting that even if employee is
“employee with responsibility,” “the person bearing the loss may recover from the
person failing to exercise ordinary care to the extent the failure to exercise ordinary
care contributed to the loss”). We therefore overrule issue 1.
          In issue 2, Shekhani claims the judgment based on the Texas Theft Liability
Act claim was not supported by factually sufficient evidence. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 134.001–.005 (Vernon 2005). This is an alternative ground
to support the trial court’s judgment. We need not reach issue 2 because we have
already overruled Shekhani’s challenge to the judgment based on conversion.
ConclusionWe affirm the trial court’s judgment.
 
 
                                                             Sam Nuchia 
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Bland.